IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 22 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

JAMES GEORGE, Individually and on
Behalf of All Others Similarly Situated                                    PLAINTIFF

vs.                                 No. 3:22-cv-39-DPM

FREEMAN BODY, GLASS, RENTAL,                                              DEFENDANTS
TOWING & SALES, INC., and JEFF FREEMAN

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

Plaintiff James George ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendants Freeman Body, Glass, Rental, Towing & Sales, Inc., and Jeff Freeman (collectively "Defendant" or "Defendants"), states and alleges as follows:

**I.      PRELIMINARY STATEMENTS**

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practices of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts and omissions which gave rise to this Complaint arose in Greene County; therefore, venue is proper within Northern Division of the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Dunklin County, Missouri.

7. Separate Defendant Freeman Body, Glass, Rental, Towing & Sales, Inc. ("Freeman Body"), is a domestic, for-profit corporation.

8. Freeman Body's registered agent for service is Jeff Freeman at 700 East Garland Street, Paragould, Arkansas 72450.

9. Separate Defendant Jeff Freeman ("Jeff Freeman") is an individual and resident of Arkansas.

10. Defendants, in the course of their business, maintain a website at https://freeman-body-shop-inc.business.site/.

11. Defendants do business as Freeman Body Shop.

## IV.   FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Jeff Freeman is a principal, director, officer, and/or owner Freeman Body.

14. Jeff Freeman, in his role as an operating employer of Freeman Body, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Jeff Freeman took an active role in operating Freeman Body and in the management thereof.

16. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

20. Defendant employed Plaintiff from April of 2020 to August of 2020.

21. Although Defendant purported to pay Plaintiff an hourly wage, his pay was artificially "capped." Plaintiff did not receive more than $962.50 per week, which was listed as "salary" on his paycheck.

22. If Plaintiff took a day off work or worked fewer hours, his pay was reduced.

23. Plaintiff was not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

24. Defendant also employed other "hourly" employees whose pay was capped (hereinafter, "Hourly Employees").

25. Other Hourly Employees were not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

26. At all relevant times herein, Defendant directly hired Hourly Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. Plaintiff regularly worked over forty hours per week.

28. Upon information and belief, other Hourly Employees had similar schedules to Plaintiff and also regularly or occasionally worked over forty hours per week.

29. Defendant did not provide Plaintiff and other Hourly Employees with a timekeeping system whereby they could keep track of their time.

30. Defendant scheduled Plaintiff to work from 6:00 am until 5:00 pm, Monday through Friday. Plaintiff occasionally worked on weekends as well.

31. Upon information and belief, Defendant also scheduled other Hourly Employees to work over 40 hours per week.

32. Defendant knew or should have known that Plaintiff and other Hourly Employees worked over 40 hours in some weeks.

33. At all relevant times herein, Defendant has deprived Plaintiff and other Hourly Employees of regular wages and overtime compensation for all hours worked over forty per week.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.   Overtime premiums for all hours worked over forty in any week;

   B.   Liquidated damages; and

   C.   Attorney's fees and costs.

37. Plaintiff proposes the following collective under the FLSA:

   **All Hourly Employees in the past three years.**

38. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

40. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly but the pay was capped;

   B. They were not paid an overtime premium for hours worked over forty each week; and

   C. They worked over 40 hours in at least one week within the three years preceding the filing of this lawsuit.

41. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds five persons.

42. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

43. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

44. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

45. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

49. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 each week.

50. Defendant knew or should have known that its actions violated the FLSA.

51. Defendant's conduct and practices, as described above, were willful.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

55. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

59. Despite the entitlement of Plaintiff and similarly situated employees to overtime payments under the FLSA, Defendant failed to pay Plaintiff and similarly situated employees an overtime rate of 1.5 times their regular rate of pay for all hours worked over 40 each week.

60. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

61. Defendant knew or should have known that its actions violated the FLSA.

62. Defendant's conduct and practices, as described above, were willful.

63.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

64.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

66.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

67.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

68.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5 times regular wages for all hours

worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

70. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked over 40 each week.

71. Defendant knew or should have known that its practices violated the AMWA.

72. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

73. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James George, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JAMES GEORGE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Center Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JAMES GEORGE, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.          No. 3:22-cv-*34-DPM*

**FREEMAN BODY, GLASS, RENTAL,**          **DEFENDANTS**
**TOWING & SALES, INC., and JEFF FREEMAN**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Freeman Body, Glass, Rental, Towing & Sales, Inc., and Jeff Freeman within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**JAMES GEORGE**
February 22, 2022

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**